```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION
```

JACINTA ROBINSON                                         PLAINTIFF

VS.                            CIVIL ACTION NO. 5:12-cv-60(DCB)(MTP)

KNIGHT PROTECTIVE SERVICE, INC.;
KNIGHT PROTECTIVE SERVICE OF
LOUISIANA, INC.; JOHN DOES 1-5;
AND XYZ CORPORATIONS 1-5                                DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the defendant Knight Protective Service, Inc. ("Knight")'s Motion to Dismiss for Lack of Personal Jurisdiction **(docket entry 14)** pursuant to Fed.R.Civ.P. 12(b)(2). Having carefully considered the motion and the plaintiff's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

The plaintiff, Jacinta Robinson ("Robinson"), a Mississippi resident, alleges in her Complaint that she was employed by Knight[1] (a Maryland corporation authorized to do business in Louisiana) as a security guard beginning in 2007.  In March of 2009, she took a leave of absence for medical reasons.  In May of 2009, she received a letter instructing her to return her duty belt, a Smith & Wesson .38 caliber revolver, and other duty-related items.  The plaintiff

---

[1] The plaintiff admits that Knight's co-defendant Knight Protective Service of Louisiana, Inc., was not her employer and is not a proper defendant.  Plaintiff's Memorandum, p. 3.

alleges that she successfully returned the items in August of 2009. Complaint, ¶ 8. The plaintiff further alleges that in October of 2009 the defendant submitted information to law enforcement authorities in East Baton Rouge Parish, Louisiana, causing an arrest warrant to be issued for her arrest. The plaintiff was subsequently arrested in Adams County, Mississippi, in September of 2010. Complaint, ¶¶ 8-9. She was then transferred to Baton Rouge, Louisiana, where she remained until her arraignment on September 23, 2010. Complaint, ¶ 9. Alleging that the criminal charges were ultimately terminated in her favor on May 4, 2011, the plaintiff brings her action against the defendant for malicious prosecution under Mississippi law. Complaint, ¶¶ 9-10.

Knight moves for dismissal pursuant to Fed.R.Civ.P. 12(b)(2) on grounds that it is not subject to the personal jurisdiction of this Court. Robinson asserts that Knight "was duly qualified and authorized to do business in the State of Mississippi." Plaintiff's Memorandum, ¶ 6. However, Knight, in its Memorandum in support of its Motion to Dismiss, shows that it filed an application for authorization to conduct business in Mississippi in 2008, and that the application was not renewed and was allowed to lapse in December of 2009. Furthermore, Knight asserts that it has never conducted business in Mississippi. Memorandum, p. 2.

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of

2

establishing the court's jurisdiction over the nonresident. Allred v. Moore & Peterson, 117 F.3d 278, 281 (5th Cir. 1997). In a federal diversity suit, the reach of personal jurisdiction over a nonresident defendant is measured by a two-step inquiry. Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996). First, the law of the forum state must provide for the assertion of such jurisdiction. Id. Second, the exercise of jurisdiction under state law must comport with the dictates of the Fourteenth Amendment Due Process Clause. Id. "Mississippi has not chosen to extend its jurisdiction to the limits permitted by the Constitution." Washington v. Norton Mfg., Inc., 588 F.2d 441, 444 (5th Cir. 1979)(citing Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437 (1952)(states are not required to assert jurisdiction to the extent permitted by the Due Process Clause if they do not choose to do so)). See also Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 616-17 (5th Cir. 1989)(noting that Mississippi's long-arm statute has a "relatively restrictive scope").

First, in construing the law of the forum state, the Court looks to Mississippi's long-arm statute, which provides:

> Any non-resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be

3

>doing business in Mississippi, and shall thereby be subjected to the jurisdiction of the courts of this state. Service of summons and process upon the defendant shall be had or made as is provided by the Mississippi Rules of Civil Procedure.

Miss. Code Ann. § 13-3-57.

Second, the Court considers whether its exercise of personal jurisdiction over the defendant would comport with due process. The due process requirement is satisfied when (1) the nonresident has certain "minimum contacts" with the forum state, and (2) subjecting the nonresident defendant to the jurisdiction of the forum would not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  This means that the nonresident must have done some act or acts which make it reasonable for the nonresident to expect to be brought to suit in the forum.  Thus, the focus of the due process inquiry is on whether the nonresident, by virtue of its contact(s) with the forum state, can be said to have "purposely availed [it]self of the benefits and protections of" the forum's laws. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The Fifth Circuit has recognized that the "minimum contacts" inquiry has been "refined to determine two types of personal jurisdiction - specific and general." Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 419 (5th Cir. 1993).

>A state exercises "specific jurisdiction" over a nonresident defendant when the lawsuit arises from or relates to the defendant's contact with the forum state. ... In contrast, when the act or transaction being sued

4

>    upon is unrelated to the defendant's contacts with the
>    forum state, personal jurisdiction does not exist unless
>    the defendant has sufficient "continuous and systematic
>    contacts" with the forum to support an exercise of
>    "general jurisdiction."

Id. (citations omitted).  This Court recognizes that even though the concepts of specific and general jurisdiction are separate and distinct, both concepts "will inevitably borrow from one another in deciphering the intent of the defendant's actions as well as the foreseeability that the defendant might be haled into court in this state." Tellus Operating Group, LLC v. R&D Pipe Co., 377 F.Supp.2d 604, 609 (S.D. Miss. 2005).

Attached to Knight's 12(b)(2) motion is an affidavit of Matt Sipos, Chief Financial Officer of Knight, which contains the following attestations:

>    3.   Knight Protective Service, Inc., is incorporated in
>         the state of Maryland, with its principal place of
>         business being Greenbelt, Maryland.
>
>    4.   Knight Protective Service, Inc., has never
>         conducted business in the state of Mississippi, and
>         has never owned any property in the state of
>         Mississippi.  Further, Knight Protective Service,
>         Inc., is not registered to do business in the state
>         of Mississippi, has never advertised in
>         Mississippi, has never maintained an office in
>         Mississippi, and has never sold goods, entered into
>         any contracts, or provided any services in the
>         state of Mississippi.  Except during the time as
>         described below in paragraph 6, Knight Protective
>         Service, Inc., has never had a registered agent for
>         service of process in the state of Mississippi.
>
>    5.   At the time of plaintiff's employment, Knight
>         Protective Service, Inc., held a contract with the
>         Federal Protection Service to provide security
>         services in Louisiana.

> 6. In 2008, because we were operating in a neighboring state, we became authorized to do business in the state of Mississippi so that we would be prepared in the event that our duties in Louisiana necessitated our personnel having to perform any duties in Mississippi. However, to the best of my knowledge, the need for personnel to perform any duties in Mississippi or for Knight Protective Service, Inc., to conduct any business in Mississippi never arose, and no personnel of Knight Protective Service, Inc., ever performed duties in Mississippi. We did not renew the Authorization and it lapsed in 2009.

Sipos Affidavit, ¶¶ 3-6.

The plaintiff bears the burden of establishing this Court's jurisdiction. <u>Allred</u>, 117 F.3d at 281. Robinson offers nothing to refute the defendant's affidavit, except the fact that at one time Knight was qualified to do business in the State of Mississippi.

Robinson relies on <u>Read v. Sonat Offshore Drilling, Inc.</u>, 515 So.2d 1229 (Miss. 1987), in which the Mississippi Supreme Court concluded that "if a foreign corporation is qualified to do business in the State of Mississippi, even though it may not be doing business, its agent for process may be served, and the courts have personal jurisdiction of that corporation." <u>Id</u>. at 1231. The parties differ on their interpretation of <u>Read</u> regarding the effect of administrative dissolution of a foreign corporation.

Knight's authorization with the Secretary of State's office was administratively dissolved on December 22, 2009. Mississippi Secretary of State's Business Services website, https://business.sos.state.ms.us. Robinson contends that if the corporation was

qualified to do business in Mississippi at the time of accrual of the cause of action, jurisdiction can be exercised over the defendant.  Knight asserts that the corporation must be qualified to do business at the time of service of process.  The Court finds that, assuming Robinson is correct, the Court nevertheless does not have personal jurisdiction over Knight because under Mississippi law, "a cause of action for malicious prosecution accrues on the day the criminal proceedings are terminated in the favor of the plaintiff."  Coleman v. Smith, 841 So.2d 192, 194 (Miss. App. 2003).  In this case, Knight's corporate status in Mississippi was administratively dissolved on December 22, 2009, and the criminal proceedings against Robinson were terminated in her favor on May 4, 2011.

Furthermore, even assuming that Mississippi law compelled a finding that Knight was qualified to do business in Mississippi at the relevant time, Robinson is unable to meet the due process prong of personal jurisdiction.  As explained in Norfolk Southern Ry. Co. v. Burlington Northern, 2005 WL 1363210 (S.D. Miss. June 2, 2005), being qualified to do business and actually doing business are not synonymous for purposes of the due process clause:

> Indeed, the Fifth Circuit has specifically rejected the notion that merely registering to do business and appointing an in-state agent for service of process automatically confer general personal jurisdiction over a nonresident defendant, or act as consent to a court's jurisdiction.  See Wenche Siemer v. The Learjet Acquisition Corp., 966 F.2d 179, 180-84 (1992); see also Ratliff v. Cooper Laboratories, Inc., 444 F.2d 745, 748

7

>(4th Cir. 1971)("[a]pplying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another"; due process requires more than "mere compliance with state domestication statutes"); Lyons v. Swift Transp. Co., Inc., 2001 WL 1153001, *6-7 (E.D. La. [Sept. 26, 2001])(Vance, J.)("regardless of the existence of an agent for service of process, the exercise of personal jurisdiction over a non-resident defendant must nevertheless comport with the principles of due process"); Leonard v. USA Petroleum Corp., 829 F.Supp. 882, 891 (S.D. Tex. 1993)("Consent [to jurisdiction] requires more than legislatively mandated compliance with state laws."); Jones v. Family Inns of America, 1989 WL 57130, *1 (E.D. La. May 23, 1989)(defendant's sole contact with forum state – appointed agent for service of process – does not satisfy minimum contacts requirement of International Shoe).
>
>. . .
>
>Nor is it determinative that the Mississippi Supreme Court, in Read, concluded that registering to do business and appointing an in-state agent for service of process operates as consent to personal jurisdiction in Mississippi state and federal courts. Compliance with the constitutional due process limitations on personal jurisdiction is a question of federal, not state, law with regard to which this court is not bound by the decisions of the Mississippi Supreme Court.

Id. at *3. In this case, it is uncontroverted that Knight did not do any actual business in the state of Mississippi. Thus, even if this Court were to conclude that it had personal jurisdiction over the defendant through the "doing business" prong of Mississippi's long-arm statute, the due process clause of the Fourteenth Amendment prevents the Court from exercising personal jurisdiction over Knight.

The plaintiff also asserts that personal jurisdiction over the defendant is proper under the tort prong of the long-arm statute.

8

"A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." Allred, 117 F.3d at 281 (citing Cycles, 889 F.2d at 616; Rittenhouse v. Mabry, 832 F.2d 1380, 1382 (5th Cir. 1987)). As with the doing business prong, the Court may only exercise jurisdiction under the tort prong of the long-arm statute if (1) the long-arm statute applies, as interpreted by the state courts of Mississippi; and (2) due process is satisfied under the Fourteenth Amendment. Id. (citing Cycles, 889 F.2d at 616)(additional citations omitted)).

Under the tort prong, "personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." Id. (citations omitted). "The tort is not complete until the injury occurs, and if the injury occurs in [Mississippi] then, under the ... statute, the tort is committed, at least in part, in this State, and personam jurisdiction of the nonresident tortfeasor is conferred upon the Mississippi court." Smith v. Temco, 252 So.2d 212, 216 (Miss. 1971).

The Fifth Circuit, however, has been "careful to distinguish actual injury from its resultant consequences." Allred, 117 F.3d at 282. "[C]onsequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur." Id. (quoting Jobe v. ATR Marketing, Inc., 87 F.3d at 751, 753 & n.2 (observing that "[t]he

term 'injury' commonly denotes the invasion of any legally protected interest of another" whereas the term 'damage' is understood to mean the harm, detriment or loss sustained by reason of an injury"); also citing Cycles, 889 F.2d at 619 ("We have held that with respect to Mississippi's long-arm statute a tort occurs where and when the actual injury takes place, not at the place of the economic consequences of the injury."); Rittenhouse, 832 F.2d at 1384 (same); Estate of Portnoy v. Cessna Aircraft Co., 730 F.2d 286, 290 (5th Cir. 1984)(same)).

In Mississippi, malicious prosecution requires:

> (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the instance of the defendants; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause in the proceedings; and (6) the suffering of damages as a result of the action or prosecution complained of.

Mississippi Road Supply Co. v. Zurich-American Ins. Co., 501 So.2d 412, 414 (Miss. 1987)(citing Harvill v. Tabor, 128 So.2d 863, 864 (1961)).

Only the sixth element, "damages," could be said to have taken place, in part, in Mississippi. See Allred, 117 F.3d at 282. In response to the defendant's motion, the plaintiff states: "When Knight instituted the arrest warrant for Plaintiff, Knight was aware that Plaintiff was a resident of the State of Mississippi, and that there was a greater likelihood that Plaintiff would be arrested in the State of Mississippi than in the State of

10

Louisiana." Plaintiff's Memorandum, p. 2. This is clearly not enough to satisfy the tort prong of the long-arm statute. In <u>Allred</u>, the Fifth Circuit, interpreting Mississippi's long-arm statute in the context of an abuse of process/malicious prosecution claim, held that "the abuse of process tort must 'accrue' within the geographical limits of Mississippi," and that the defendants had did not have "any contact whatsoever with Mississippi other than the service of process by certified mail from Dallas, Texas to [Allred's] Jackson, Mississippi law office." <u>Id</u>. at 282-83.

Like Allred, Robinson "does not contend that elements two through five of the tort of malicious prosecution occurred in Mississippi." <u>Id</u>. at 283. Also like Allred, Robinson "argues primarily that [her] economic, reputational, and emotional 'injuries' ... were suffered in Mississippi and, therefore, support jurisdiction under the tort prong." <u>Id</u>. The defendants in <u>Allred</u> conceded that Allred's damages may have occurred in Mississippi, but argued that "damages, alone, are insufficient to support personal jurisdiction under the Mississippi long-arm statute." <u>Id</u>. The Fifth Circuit held that the defendants were correct:

> [T]his Circuit has recognized consistently that Mississippi does not permit <u>damages</u> to serve as a proxy for <u>injury</u> in the personal jurisdiction calculus. The concepts are distinct and we must endeavor not to conflate the existence of an injury - and hence the completed tort - with the presence of its economic consequences. <u>See</u> <u>Jobe</u>, 87 F.3d at 753 (noting that, especially in a commercial tort situation, collateral consequences can be quite far-reaching). The injury suffered in a malicious prosecution tort is the

> institution of criminal or civil proceedings where the institution ought not to have occurred (and occurred for an improper reason). Allred's damages-qua-injury argument for personal jurisdiction under the Mississippi long-arm statute flies in the face of our rather clear guidance in Jobe,[2] Cycles,[3] Rittenhouse,[4] and Portnoy.[5]

Id. (emphasis in original)(footnotes added). For the same reasons, the Court finds that Robinson in not entitled to utilize the tort prong of Mississippi's long-arm statute.

Finally, and alternatively, the Court observes that personal jurisdiction over Knight is prohibited on additional grounds under the due process clause. It is clear from the facts of this case that the elements of Robinson's claim arose in Louisiana, not Mississippi, and Knight has had no contacts with Mississippi other than becoming qualified to do business in Mississippi at one time (but not actually having done any business here). The Fifth Circuit has stated that "[w]hen ... the cause of action does not arise out of a non-resident defendant's contact with the forum state, those contacts must be 'systematic and continuous' so as to afford what is commonly called general jurisdiction." Rittenhouse, 832 F.2d at 1390. The evidence in this case demonstrates that Knight has had no contact with Mississippi, and certainly not any

---

[2] 87 F.3d 751 (5th Cir. 1996).

[3] 889 F.2d 612 (5th Cir. 1989).

[4] 832 F.2d 1380 (5th Cir. 1987).

[5] 730 F.2d 286 (5th Cir. 1984).

that could be characterized as "systematic and continuous." Consequently, any attempt to exercise jurisdiction by this Court would offend traditional notions of fair play and substantial justice, and would violate the defendant's right to due process.

The plaintiff has failed to demonstrate any grounds for this Court to exercise personal jurisdiction over the defendant, and this case must therefore be dismissed without prejudice.

Accordingly,

IT IS HEREBY ORDERED that the defendant Knight Protective Service, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction **(docket entry 14)** is GRANTED, and this case is dismissed without prejudice.  A final judgment of dismissal on grounds of lack of personal jurisdiction shall follow.

SO ORDERED, this the 31st day of March, 2014.


/s/ David Bramlette
UNITED STATES DISTRICT JUDGE